```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STEVEN ROJAS,

                      Petitioner,

     - against -                 07 Civ. 6687 (DAB)
                                       ADOPTION OF REPORT
                                       AND RECOMMENDATION

R. WOODS,
                      Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Petitioner Steven Rojas ("Rojas" or "Petitioner") petitions this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rojas was convicted of robbery in the third degree, and sentenced to a term of imprisonment of three-and-a-half to seven years in Bronx County Supreme Court on May 3, 2004. In his habeas petition, Petitioner seeks relief from the Court on a number of grounds: that (1) he was "deprived [of] the right to testify in the Grand Jury"; (2) he received ineffective assistance of counsel when his lawyer filed an untimely motion to dismiss the indictment on the ground that Rojas had not been permitted to testify at the Grand Jury; (3) his "Due Process right to a fair trial was violated" when a testifying officer stated in open court that Petitioner had told him prior to his arrest that he "had just finished smoking crack"; (4) he has newly discovered evidence; (5) his Grand Jury proceeding was

defective; and (6) he suffered a Brady violation when the State failed to produce and turn over "the 911 tape calls, or sprint reports, and [] the [Emergency Booth Communication System] transmission of this crime", despite repeated requests from defense counsel before and during trial. On July 25, 2008, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending to this Court that Petitioner's habeas corpus petition be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy [of the Magistrate Judge's Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). The statute requires the court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After conducting a de novo review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).

Petitioner has filed timely objections to Magistrate Judge Gorenstein's Report ("Pet.'s Objs."). Specifically, Petitioner

2

objects to the Magistrate's finding that there was no Brady violation when the prosecution failed to turn over to the defense a 911 call made from the New York City Transit Authority to the police. Petitioner maintains that the prosecution's failure to produce this evidence violated federal law under Brady and its progeny because the evidence (1) was favorable to Petitioner, as both exculpatory and impeaching of State eyewitness Lillian Ruiz, (2) was suppressed by the State, either willfully or inadvertently, and (3) the suppression of that evidence prejudiced Petitioner. (Pet.'s Objs. at 1.) Petitioner argues further that "this evidence was material to the verdict", as Brady requires, and the prosecution should have known about and preserved this evidence as part of its case because

> "[a]ll 911 calls to the police are recorded and stored at ONE POLICE PLAZA, which is a law enforcement agency. Once I was arrested the prosecution was aware of a pending investigation and all calls to 911 should have been preserved. It is common practice for these calls to be requested in a motion before trial. Which my lawyer submitted months before I went to trial."

(Pet.'s Objs. at 1-2.) (emphasis in original).

The Court has reviewed the Report and Recommendation of Magistrate Judge Gorenstein dated July 25, 2008, and finds no clear error on the face of the record as it pertains to Petitioner's first five grounds for relief. See 28 U.S.C. §

3

636(b)(1)(B). Further, having reviewed de novo that portion of the Magistrate's Report addressing and recommending dismissal of Petitioner's Brady claim, (see Report at 17-19) the Court agrees with the Magistrate's finding that there was no Brady violation in this case.

The facts in this matter are sufficiently set forth in Judge Gorenstein's Report, (see Report at 1-8) and will not be reiterated here.

Under Brady v. Maryland and its progeny, it is well-established federal law that the prosecution has an affirmative duty to disclose evidence favorable to a defendant. 373 U.S. 83 (1963); see also Kyles v. Whitley, 514 U.S. 419, 432 (1995). In Brady, the Supreme Court held that:

> "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

373 U.S. at 87. Since Brady, the Court has established that it is within the prosecutor's duty under Brady "to learn of any favorable evidence known to others acting on the government's behalf in this case, including the police." Kyles, 514 U.S. at 437. Evidence is "material" "if there is a reasonable probability that, had the evidence been disclosed to the defense,

4

the result of the proceeding would have been different." Id. at 433-434. A "reasonable probability" of a different result is thus shown "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" Id. at 434 (quoting U.S. v. Bagley, 473 U.S. 667, 678 (1985)).

The Supreme Court has held that there are "three components to a true Brady violation": (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) "that evidence must have been suppressed by the State, either willfully or inadvertently"; and (3) "prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-282 (1999).

Magistrate Gorenstein found in his Report that because the prosecution in Rojas' case did not have possession of the evidence in question, it did not suppress it, and there was therefore no Brady violation. (Report at 19.) Upon de novo review, this Court agrees. The prosecution's duty under Brady is "to learn of any favorable evidence known to others acting on the government's behalf in this case, including the police.'" Kyles, 514 U.S. at 437 (emphasis added). The evidence at issue is a 911 call made by New York City Transit Authority officials. Although this call was made to the police, there is nothing in the record to suggest that the State or law enforcement officials had

5

obtained in the course of their investigation or possessed at any time either a tape or a transcript of the call.  Cf. Leka v. Portuondo, 257 F.3d 89, 100 (2d Cir. 2001) ("The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government's investigation.").[1] It is not the prosecutor's responsibility under Brady to obtain potentially exculpatory evidence from any government agency that may possess it.  See U.S. v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) ("[K]nowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor . . ."). Further, "evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence."  Leka, 257 F.3d at 99-100 (quoting United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982)) (internal citations omitted).  Upon review of the record, the Court finds no reason why defense counsel in this case could not have obtained from the Transit Authority before or

---

[1] To the extent that the police had knowledge of exculpatory information gathered from listening and responding to the original call, the Court notes that the responding officer, Cooney, testified that he arrived at the scene of the crime looking for a "male black", pursuant to the radio transmission he had received from the Transit Authority's command center.  (Trial Transcript, October 29, 2003, at 68:15-18.)

during trial the evidence that Rojas himself was able to obtain over two years later through a Freedom of Information Law request. There is no indication in the record that the evidence was not equally available to the defense at the time of trial as it was to the prosecution. As such, Petitioner has failed to state a claim under Brady that warrants habeas relief from this Court.

Accordingly, after conducting an independent de novo review of the Report and Recommendation, and reviewing the record herein, it is

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein dated July 25, 2008 is approved, adopted, and ratified by the Court;

2. The petition for a writ of habeas corpus is hereby DENIED; and

3. The Clerk of the Court is directed to dismiss the petition.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. See United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED

DATED:   New York, New York

December 3, 2009

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge